B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Butler Capital Corporation | **DEFENDANTS** Aminur Rahman |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Stephen H. DeBaun 3758 Lavista Road, Suite 100, Tucker, GA 30084 | **ATTORNEYS** (If Known) W. Douglas Jacobson P.O. Box 2758 Gainesville, GA 30503-2758 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Willful and malicious injury to property of Plaintiff under 11 U.S.C. § 523(a)(6).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

Filed MAY 13 2013 PM 12:28
M. Regina Thomas, Clerk
Clerk's Office, U.S. Bankruptcy Court, Northern District of Georgia

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 44,000.00 |

**Other Relief Sought**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR  Aminur Rahman | | BANKRUPTCY CASE NO.  13-51857-mhm | |
| DISTRICT IN WHICH CASE IS PENDING  Northern District of Georgia | | DIVISION OFFICE  Atlanta | NAME OF JUDGE  Margaret H. Murphy |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  *Stephen DeBaun* | | | |
| DATE  May 13, 2013 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Stephen H. DeBaun  DeBaun + Associates | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

M. REGINA THOMAS,
CLERK

By: *Charu Coggins*
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-51857-mhm |
| AMINUR RAHMAN, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

--------------------------------------------------------------------

| | |
|---|---|
| BUTLER CAPITAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | |
| v. ) | No. _____ |
| ) | |
| AMINUR RAHMAN, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Butler Capital Corporation, a named creditor of Aminur Rahman in the Chapter 7 case filed by Aminur Rahman on February 1, 2013, and files this complaint pursuant to Part VII of the Bankruptcy Rules, showing this Court as follows:

I. **Parties, Jurisdiction, and Venue**

1.

Aminur Rahman is a resident of the State of Georgia and who, on February 1, 2013, filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Said bankruptcy case is currently pending in this Court, and this adversary proceeding relates to that bankruptcy filing.

2.

Plaintiff Butler Capital Corporation is a Maryland corporation authorized to transact business in the State of Georgia.

3.

Defendant Aminur Rahman is subject to the jurisdiction of this court and may be served at his dwelling house or usual place of abode, to wit: 3350 Sweetwater Road, Apt. 924, Lawrenceville, Georgia 30044.

4.

Defendant's attorney may be served as follows: W. Douglas Jacobson, Cummings & Kelley, PC, P.O. Box 2758, Gainesville, GA 30503-2758.

5.

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and may enter appropriate orders and judgments as a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(f).

II. **Facts**

6.

In January 2007, Plaintiff financed $250,000.00 to Hamilton Mill Food and Gas, Inc. (Hamilton Mill), for the purpose of acquiring a Chevron business located at 3625 Highway 124, Dacula, Georgia 30019.

7.

As security for the loan, Plaintiff filed a UCC-1 with the State of Georgia securing all assets, including inventory, of Hamilton Mill.

8.

Defendant, in connection with the loan, executed an agreement as guarantor of the loan, and was aware and informed of Plaintiff's security interest in the inventory of Hamilton Mill.

9.

Defendant, on or about April 18, 2011, and despite having knowledge of Plaintiff's security interest in the assets of Hamilton Mill, and the fact that transfer of the inventory was forbidden, sold and transferred the inventory to a third party.

10.

The transferred inventory was valued at $44,000.00.

11.

On information and belief, said sale also was used to release Defendant and Defendant's father in law as personal guarantors of the lease of Hamilton Hill, and soon thereafter, Defendant stopped making payments to Plaintiff.

### III.   Claim for Relief

12.

Plaintiff realleges and incorporates paragraphs six through eleven as if fully set forth herein

13.

Defendant's transfer of inventory in which Plaintiff held a security interest was done purposefully by Defendant for the purpose of depriving Plaintiff of the inventory or the value of the inventory.

3

14.

Defendant, in making the transfer, specifically intended to inflict injury upon Plaintiff, and knew there was a substantial certainty that injury to Plaintiff would result from Defendant's actions.

15.

Defendant was aware that Plaintiff had a security interest in the inventory, and was aware also that transfer of the collateral to a third party was forbidden.

16.

Defendant's actions constitute willful and malicious injury by Defendant to property of Plaintiff; therefore, Defendant's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff pays that:

(a)     The Court enter judgment finding that the debt owed to Plaintiff, in the amount of $44,000.00, the value of the transferred inventory, is nondischargeable under 11 U.S.C. § 523(a)(6).

(b)     The Court cast all costs on Defendant;

(c)     The Court award Plaintiff reasonable and necessary attorney's fees and actual expenses incurred in this action; and

(d)     The Court award such other further relief deemed just and proper.


(Date and signature on the following page.)

Respectfully submitted this 13th day of May, 2013.

DEBAUN & ASSOCIATES, P.C.
Attorney for Plaintiff

By: _____
Stephen H. DeBaun
State Bar No. 215250

3758 Lavista Road
Suite 100
Tucker, Georgia 30084
(404) 248-9330
(404) 248-9335(facsimile)
debaun@bellsouth.net

5